CAUSE NO. 2015CVF0002964 D1

| | | |
|---|---|---|
| MARIO SANCHEZ AGUIRRE<br>*Plaintiff* | § § § § § | IN THE DISTRICT COURT |
| vs. | § § § § | DISTRICT COURT _____ |
| BRALEY E. TAYLOR and EPES TRANSPORT<br>*Defendants* | § § § § § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S, MARIO SANCHEZ AGUIRRE, ORIGINAL PETITION AND REQUEST FOR DISCLOSURES TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIO SANCHEZ AGUIRRE, hereinafter called PLAINTIFF, complaining of EPES TRANSPORT and BRALEY E. TAYLOR, hereinafter jointly referred to as Defendants, and for cause of action show unto the Court the following:

### A. Discovery Control Plan

1. Consistent with the requirement of Rule 190.1, Plaintiff alleges that discovery is intended to be conducted under Level 2 of the Rule. Therefore, Plaintiff moves that the Court enter discovery control plan, pursuant to Level 2, of the Texas Rules of Civil Procedure.

### B. Parties

2. Plaintiff is a resident of Laredo, Webb County, Texas.

3. Defendant EPES TRANSPORT is a company with its principal place of business and can be served at: 3400 Edgefield Ct., Greensboro, NC 27409.

4. Defendant BRALEY E. TAYLOR is a resident of Laredo, Webb County, Texas, and may be served at: 400 Forkfield Rd., La CCrosse, VA 23950.

EXHIBIT B

1

### C. Jurisdiction

5. Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas and this Court has personal jurisdiction over Defendants. Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court.

### D. Venue

6. Venue in Webb County, Texas is proper because Plaintiff has established proper venue against Defendants EPES TRANSPORT and BRALEY E. TAYLOR in Webb County, the Court also has venue of all defendants in all claims or actions since they arise out of the same transaction, occurrence, or series of transactions or occurrences. The incident made the basis of this lawsuit occurred in Webb County, Texas.

### E. Facts

7. On or about 9-9-13, PLAINTIFF, MARIO SANCHEZ AGUIRRE, was involved in a motor vehicle accident caused by Defendants, BRALEY E. TAYLOR AND EPES TRANSPORT. PLAINTIFF, MARIO SANCHEZ AGUIRRE, was struck by DEFENDANTS' vehicle. DEFENDANT, BRALEY E. TAYLOR, changed lanes when unsafe striking Plaintiff's vehicle. Consequently, Plaintiff, MARIO SANCHEZ AGUIRRE, sustained serious bodily injuries. At all times relevant to this lawsuit, Defendant, BRALEY E. TAYLOR, was acting in the course and scope of his actual and/or statutory employment with Defendant, EPES TRANSPORT

### F. Negligence of Defendant, BRALEY E. TAYLOR

8. BRALEY E. TAYLOR committed acts of omissions and commission that collectively and severally constituted negligence and were a proximate cause of PLAINTIFF'S

injuries and damages. The crash in question, PLAINTIFF'S injuries, and PLAINTIFF'S damages were proximately caused by BRALEY E. TAYLOR'S negligent, careless and reckless acts/omissions. BRALEY E. TAYLOR'S negligent conduct consists of, but is not limited to, the following acts and/or omissions:

a) failing to keep a proper lookout as a reasonable and prudent person would have done under the same or similar circumstances; and

b) changing lanes when unsafe.

### G. Permissive Use Theory

9. Plaintiff, MARIO SANCHEZ AGUIRRE, would further show that the Defendants had given BRALEY E. TAYLOR direct permission to use and operate the vehicle in question on the streets and public highways of the State of Texas on the date in question and is liable for the conduct of BRALEY E. TAYLOR

### H. Respondeat Superior Theory

10. Plaintiff would further show that given BRALEY E. TAYLOR was employed by Defendant, EPES TRANSPORT, as its authorized agent, servant and/or employee on the date in question. BRALEY E. TAYLOR was in the course of his employment at the time of the accident in question. Defendant, EPES TRANSPORT, is vicariously liable, accountable and/or responsible for the negligent actions of its employee BRALEY E. TAYLOR as alleged throughout this pleading.

### I. Principal Agent Theory

11. PLAINTIFF would further state and allege that BRALEY E. TAYLOR was employed by Defendant, EPES TRANSPORT, as its authorized agent, servant and/or employee. As such, PLAINTIFF hereby sues Defendant, EPES TRANSPORT, on the basis of the principal-agent theory. Defendant, EPES TRANSPORT, is liable, accountable and/or

responsible for the negligent actions of its employee, as alleged throughout this pleading.

### J. Actual Damages

12. At the time of the accident made the basis of this suit, PLAINTIFF, MARIO SANCHEZ AGUIRRE, was a healthy adult. As a result of the negligence of Defendants, EPES TRANSPORT and BRALEY E. TAYLOR, PLAINTIFF has suffered severe physical injury to their body, pain and suffering, mental anguish, loss of physical capacity, physical impairment, disfigurement, and reasonable and necessary medical expenses. All of these injuries have occurred in the past and will continue into the future.

13. PLAINTIFF'S injuries and damages were proximately caused by Defendants' negligence.

### K. Pre-Judgment and Post-Judgment Interest

14. PLAINTIFF, MARIO SANCHEZ AGUIRRE, seeks prejudgment and post-judgment interest as provided by law.

### L. Reservation of Rights

15. PLAINTIFF, MARIO SANCHEZ AGUIRRE, reserves the right to prove the amount of damages at trial. PLAINTIFF, MARIO SANCHEZ AGUIRRE, also reserve the right to amend their petition and ask additional counts upon further discovery and as their investigation continues.

### M. Conditions Precedent

16. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to PLAINTIFF'S right to recover herein and to Defendants' liability have been performed or have occurred.

### N. Jury Demand

17. PLAINTIFF in accordance with Rule 216 of the Texas Rules and Civil Procedure, request a trial by jury. Simultaneously with the filing of this demand, a jury fee is being paid on behalf of PLAINTIFF, MARIO SANCHEZ AGUIRRE.

### O. Request for Disclosures to Defendants

18. Pursuant to Rule 194 of the Texas Rules and Civil Procedure, PLAINTIFF, MARIO SANCHEZ AGUIRRE, requests that Defendants, EPES TRANSPORT and BRALEY E. TAYLOR, disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### P. Prayer

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays that the Defendants be cited to appear and answer herein, that this cause be set for trial before jury, and that Plaintiff recovers judgment of and from Defendants for his damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief as PLAINTIFF may show himself to be entitled, whether at law or in equity.

Respectfully submitted,

*[signature]*

John Saenz
Texas Bar No. 24038046
**John Saenz & Associates, PC**
805 Dallas Avenue
McAllen, Texas 78501
Telephone:   (956) 467-0111
Fax:              (956) 467-1742
*Attorney for Plaintiff MARIO SANCHEZ AGUIRRE*